S. LANE TUCKER
United States Attorney

STEVEN E. SKROCKI
CHARISSE ARCE
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
        charisse.arce@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:22-CR-00037-KFR |
| Plaintiff, | ) |
| vs. | ) |
| DEREK MICHAEL KELLEY, | ) |
| Defendant. | ) |

**PLEA AGREEMENT**

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the Defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The Defendant agrees to plead guilty to the following count(s) of the Information in this case: Count 1: Violation of the Lacey Act, in violation of 16 U.S.C. §§ 3372(a)(1) and § 3373(d)(2), and 18 U.S.C. § 2.

The parties jointly recommend a sentence of probation of two years, a $2,000.00 fine, and no incarceration. The parties jointly recommend the Court order, as a special condition of unsupervised probation, that the Defendant may not import or export any fish or wildlife for which a license issued by the U.S. Fish & Wildlife Service is required by law, nor apply for a permit from the U.S. Fish & Wildlife Service to import or export any fish or wildlife. The parties jointly recommend the Court order the Defendant to post a public service announcement on the Defendant's Facebook page as described below.

The United States agrees not to prosecute the Defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Information.

The Defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The Defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

//

//

//

B. **Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the Defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

A. **Charges**

The Defendant agrees to plead guilty to the following count(s) of the Information: Count 1: Violation of the Lacey Act, a violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(2), and 18 U.S.C. § 2.

B. **Elements**

The elements of the charge(s) in Count 1: Violation of the Lacey Act, a violation of 16 U.S.C. §§ 3372(a)(1) and § 3373(d)(2), and 18 U.S.C. § 2, to which the Defendant is pleading guilty, are as follows:

1. The Defendant knowingly imported, exported, transported, sold, received, acquired, or purchased any fish or wildlife; and

2. Either:

   a) The Defendant, without first having obtained permission from the Secretary of the Department of the Interior, engaged in business as an importer or exporter of fish or wildlife; and/or

      b) The Defendant imported fish or wildlife and failed to file a declaration or report as required by 50 C.F.R. § 14.61; and

3. In the exercise of due care, the Defendant should have known that the fish or wildlife were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law or regulation.

C. **Factual Basis**

The Defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

<u>The Filipino *Scleractinia* Coral Poacher and his American Buyers</u>

In approximately December 2016, in Anchorage, Alaska, U.S. Fish and Wildlife Service inspectors began detecting packages exported from the Philippines to the United States by a person later identified as Glenn Albert Binoya. The packages were falsely labeled as containing plastic objects. In fact, the packages contained living coral.

Federal law enforcement began an investigation, which included determining to whom Binoya was sending the coral. In the course of the investigation, law enforcement discovered that several American citizens were buying live coral from Binoya and paying him to export such animals to the United States. Most of the coral that Binoya shipped to the United States died *en route* or shortly after arrival because of poor shipping conditions. Binoya attempted to avoid detection by falsely labeling the shipments as, for example, "toys."

Over the period of approximately October 2015 to August 2018, law enforcement identified approximately 53 shipments that Binoya exported to various buyers in the United States, including, but not limited to, the Defendant. All 53 shipments contained coral that was not declared as required by federal law.

### The Defendant's violation of the Lacey Act

The Defendant, DEREK MICHAEL KELLEY, is an American citizen who, for all times relevant to this case, resided in the Northern District of Indiana. During all times relevant to this case, the Defendant operated a business that bought and sold coral. The Defendant used his personal Facebook page "Derek Kelley" (100000172345022), and the Norther Indiana Saltwater Group Facebook page (1809699475971759), regarding his business.

During the period of approximately February 24, 2018, to August 17, 2018, the Defendant used Facebook to communicate with Binoya in the Philippines. The purpose of the Defendant's communication was to buy coral that Binoya would gather from waters in the Philippines, export it from that country, and import it to the Defendant in the United States. The Defendant intended to resell at least some of the coral that Binoya exported to the Defendant.

The Defendant knowingly caused Binoya to import approximately four shipments of coral from the Philippines without having previously obtained the permission of the Secretary of the Department of the Interior, and paid Binoya a total of $2,000.00 for that coral.

The coral was imported into the District of Alaska before being delivered to the Defendant in the Northern District of Indiana. The Defendant sold some of the coral that he had caused to be imported. The Defendant failed to file a declaration or report as required by 50 C.F.R. § 14.61.

Coral is "fish and wildlife" under 16 U.S.C. § 1532(8). The Defendant should have known that the coral were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law or regulation.

Further, some of the coral that the Defendant imported was *Scleractinia*, or hard coral, all of which is on Schedule II of CITES. The Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") is an international treaty to prevent species from becoming endangered or extinct because of international trade. Under CITES, countries work together to regulate the international trade of animal and plant species and ensure that this trade is not detrimental to the survival of wild populations.[1] CITES lists species under appendices, which are described by 50 C.F.R. § 23.4. Appendix I includes species threatened with extinction that are or may be affected by trade. Trade in Appendix–I specimens may take place only in exceptional circumstances. Appendix II includes species that are not presently threatened with extinction, but may become so if their trade is not regulated. It also includes species that need to be regulated so that trade in certain other Appendix–I or -II species may be effectively controlled.

---

[1] *See* https://www.fws.gov/international/cites/what-is-cites.html

U.S. v. DEREK MICHAEL KELLEY

The United States has been a party to CITES since July 1, 1975.[2] Federal law implements CITES via 50 C.F.R. § 23, authority for which is derived from CITES and the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*[3] Under 50 C.F.R. § 23.13, it is unlawful for any person subject to the jurisdiction of the United States to import, export, or engage in international trade with any specimen of a species listed in Appendix II of CITES, or to solicit another person to commit such act. Per 50 C.F.R. § 23.91,

> The official CITES list includes species of wildlife and plants placed in Appendix I, II, and III in accordance with the provisions of Articles XV and XVI of the Treaty. This list is maintained by the CITES Secretariat based on decisions of the Parties. You may access the official list from the CITES website (see § 23.7).

Per 50 C.F.R. § 23.7, people can access the official list on the website for the U.S. Fish and Wildlife Service: http://www.fws.gov/international.

In turn, that website links to the official website for the CITES Secretariat, which includes Appendix II: https://www.cites.org/eng/app/appendices.php.

*Scleractinia*, also called "stony coral" or "hard coral," is listed in Appendix II of CITES.[4] Appendix II includes:

> (a) all species which although not necessarily now threatened with extinction may become so unless trade in specimens of such species is subject to strict regulation in order to avoid utilization incompatible with their survival; and

---

[2] 27 U.S.T. 1087. Convention Done at Washington Mar. 3, 1973; 1975 WL 165483 (U.S. Treaty)
[3] U.S. Const. art. VI, cl. 2: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."
[4] *See* https://www.cites.org/eng/app/appendices.php (last accessed April 29, 2020)

(b) other species which must be subject to regulation in order that trade in specimens of certain species referred to in sub-paragraph (a) of this paragraph may be brought under effective control.[5]

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the Defendant is pleading guilty, based on the facts to which the Defendant will admit in support of the guilty plea(s), are as follows:

Count 1: Violation of the Lacey Act, a violation of 16 U.S.C. §§ 3372(a)(1) and § 3373(d)(2), and 18 U.S.C. § 2:

    1) Imprisonment of not more than one year, or, alternatively, probation of not more than five years;

    2) A fine of not more than $10,000.00;

    3) A mandatory special assessment of $25.00.

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the Defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of

---

[5] *See* CITES Article II: Fundamental Principles.

U.S. v. DEREK MICHAEL KELLEY

more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the Defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the Defendant to pay restitution.

### b. Payment of Special Assessment

The Defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### E. Restitution

The Court will determine whether to order restitution.

### F. Forfeiture

There is no forfeiture in this prosecution.

### G. Fine allocated to Lacey Act Reward Fund.

Per 16 U.S.C. § 3375(d), the parties jointly recommend that the Court order that any fine imposed be allocated to the Lacey Act Reward Fund, and order the Defendant to send a check addressed as follows, and file proof of payment within 10 days of the Court imposing sentence:

US Fish & Wildlife Service

U.S. v. DEREK MICHAEL KELLEY

Page 9 of 20

Case 3:22-cr-00037-KFR    Document 29    Filed 10/14/22    Page 9 of 20

ATTN: Cost Account Section
RE: USFWS Case #2016705848
P.O. Box 272065
Denver, CO 80227-9060

**H.     Joint recommendation for public service announcement**

The parties jointly recommend the Court order the Defendant to prominently publish the following notice on both his personal and business Facebook pages, and not remove it during the period of his probation:

### DON'T ILLEGALY IMPORT CORAL

I paid a man in the Philippines hundreds of dollars to send me coral. The U.S. Fish & Wildlife Service intercepted the packages. The U.S. Attorney's Office in Alaska charged me with violating the Lacey Act, which makes it a federal crime to illegally import animals or plants without a license from the United States Department of the Interior. One of the conditions of my probation is to publish this announcement. Please respect wild coral and don't illegally import it. Importing coral for sale harms endangered wild coral and could contribute to their extinction from the wild. For more information, see:

https://www.fws.gov/international/animals/coral.html

## ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

**A.     Advisory United States Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum

or minimum sentence applicable to the offense(s) to which the Defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

**B.     Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

**1.     Acceptance of Responsibility**

If the United States concludes that the Defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the Defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the Defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

**C.     Sentencing Recommendations**

The United States Probation Office will prepare the Defendant's pre-sentence report in which it will include a recommended calculation of the Defendant's sentence range under the U.S.S.G. Both the United States and the Defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O.

recommends, as well as present evidence in support of their respective sentencing arguments.

The parties jointly recommend a sentence of unsupervised probation of two years, a $2,000.00 fine, and no incarceration. The parties jointly recommend the Court order, as a special condition of unsupervised probation, that the Defendant may not import or export any fish or wildlife for which a license issued by the U.S. Fish & Wildlife Service is required by law, nor apply for a permit from the U.S. Fish & Wildlife Service to import or export any fish or wildlife.

The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

**ADDITIONAL AGREEMENTS BY UNITED STATES**

In exchange for the Defendant's guilty plea(s) and the Court's acceptance of the Defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the Defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the Defendant's admissions set forth in Section II.C.

Provided, however, if the Defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the Defendant on all charges arising

U.S. v. DEREK MICHAEL KELLEY

out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The Defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the Defendant waives these trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the Defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the Defendant at trial – the Defendant is not waiving the right to have counsel continue to represent the Defendant during the sentencing phase of this case;

U.S. v. DEREK MICHAEL KELLEY
Page 13 of 20

- The right to confront and cross examine witnesses against the Defendant, and the right to subpoena witnesses to appear in the Defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the Defendant, and the right to testify in the Defendant's own behalf; and
- The right to contest the validity of any searches conducted on the Defendant's property or person.

### B. Appellate Rights

The Defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The Defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the Defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The Defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to Defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which Defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support Defendant's plea[s] of guilty.

The Defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

U.S. v. DEREK MICHAEL KELLEY
Page 14 of 20

Case 3:22-cr-00037-KFR    Document 29    Filed 10/14/22    Page 14 of 20

Should the Defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

C. **Collateral Attack Rights**

The Defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the Defendant and which, in the exercise of reasonable diligence, could not be known by the Defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the Defendant's guilty plea(s).

D. **Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

E. **Evidence Rule 410 and Fed. R. Crim. P. 11(f)**

By signing this agreement, the Defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The Defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the Defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of

U.S. v. DEREK MICHAEL KELLEY

Page 15 of 20

Case 3:22-cr-00037-KFR    Document 29    Filed 10/14/22    Page 15 of 20

Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the Defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The Defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The Court will decide whether to accept this plea agreement at the time it imposes sentence in the case.

### G. Case to be resolved by one video teleconference hearing.

Per §§ 15002(b)(1) and (4) of the Coronavirus Aid, Relief, and Economic Security Act, PL 116-136, the parties consent to, and jointly move the Court to hold, one consolidated hearing, presided over by a United States Magistrate Judge in the District of Alaska, with the Defendant, defense counsel, and counsel for the Government appearing by video teleconference, at which the following will occur:

1) Arraignment under Rule 10 of the Federal Rules of Criminal Procedure; and
2) Misdemeanor plea and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure.

U.S. v. DEREK MICHAEL KELLEY

Page 16 of 20

Case 3:22-cr-00037-KFR    Document 29    Filed 10/14/22    Page 16 of 20

The parties agree that the Defendant and defense counsel do not need to travel to the District of Alaska for arraignment, plea, and sentencing; however, they may do so if they so choose.

## H. Agreement to venue in the District of Alaska

The parties agree that venue is appropriate in the District of Alaska pursuant to 18 U.S.C. § 3237(a) because the unlawfully imported coral moved into and through the District of Alaska.

The Defendant consents to venue in the District of Alaska. The Defendant waives all rights have venue transferred elsewhere, regardless of whether such rights arise under the Constitution, the United States Code, the Federal Rules of Criminal Procedure, or any other law.

## ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the Defendant's case if the Defendant had gone to trial and had been convicted on all counts in the charging instrument.

## THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, DEREK MICHAEL KELLEY, the Defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any

plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

U.S. v. DEREK MICHAEL KELLEY
Page 18 of 20

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1: Violation of the Lacey Act, in violation of 16 U.S.C. § 3372(a)(1) of the Information.

DATED: 09-27-22

*Derek Michael Kelley*
DEREK MICHAEL KELLEY
Defendant

As counsel for the Defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the Defendant, have fully explained the charge(s) to which the Defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the Defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the Defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the Defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 10-7-22

_____
Attorneys for Defendant

On behalf of the United States, the following accepts the Defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 10-14-22

_____ for:
S. LANE TUCKER
United States Attorney
United States of America