Michael A. Moberly
HOZUBIN, MOBERLY & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 – Fax
Email: mike@akdefenselaw.com
Alaska Bar No. 9612073

*Attorneys for Derek Michael Kelley*

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEREK MICHAEL KELLEY<br><br>Defendant. | Case No. 3:22-cr-00037-KFR |

**DEREK MICHAEL KELLEY'S SENTENCING MEMORANDUM**

## I. SENTENCING RECOMMENDATIONS

Recommended Sentence: Probation (Unsupervised)

Term of Probation: 2 years

Donation: $2,000.00

A combined Change of Plea and Imposition of Sentence is scheduled in this matter for January 11, 2023. It is respectfully submitted that a sentence of unsupervised probation, along with a $2,000.00 donation, is sufficient, but not more than necessary, to

satisfy the criteria set forth in 18 U.S.C. 3553(a). Given Mr. Kelley's lack of prior history and demonstrated good conduct, a period of probation of 2 years is adequate. This proposed sentence is also in conformity with other similarly-situated defendants.

## II. BACKGROUND

Between February and August of 2018, Mr. Kelley communicated with and purchased coral from G.A.B. in the Philippines without permission from the Secretary of the Department of the Interior to import coral and without filing a declaration or report as required by 50 C.F.R. § 14.61.[1] Additionally, Mr. Kelley sold some of the imported coral.[2]

Further, some of the imported coral was *Scleractinia*, which The Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES) identifies on their Appendix II.[3] CITES' Appendix II includes "species that are not presently threatened with extinction, but may become so if their trade is not regulated" and "species that need to be regulated so that trade in certain other Appendix-I or -II species may be effectively controlled."[4]

On April 21, 2022, Mr. Kelley was charged with one count of wildlife trafficking conspiracy (18 U.S.C. § 371) and three counts of wildlife trafficking (16 U.S.C. § 3372(a)(1) and 3373(d)(2)).[5] Mr. Kelley expects to pled guilty to Count 2 – Violation of

---

[1] *See* Docket No. 29 (Derek Kelley's Plea Agreement) at 5-6.
[2] *See* Docket No. 29 (Derek Kelley's Plea Agreement) at 6.
[3] *See* Docket No. 29 (Derek Kelley's Plea Agreement) at 6.
[4] *See* Docket No. 29 (Derek Kelley's Plea Agreement) at 6.
[5] *See* Docket No. 1 (Information).

the Lacey Act, 16 U.S.C. §§3372(a)(1) and (d)(2);[6] the Government will dismiss Counts 1, 3 and 4 at Sentencing.[7]

## III. SENTENCING CONSIDERATIONS FOR THE COURT

Mr. Kelley comes before the Court as a hard-working and dedicated individual. Mr. Kelly graduated high school from Jimtown High School in Elkhart, Indiana. He performed well in school and participated in baseball and bowling. Soon after graduating, he began work at a steel company where he remained employed for 10 years until he found a better position working in the RV trailer industry, where he has been employed for the past two years. Despite a current workplace shut-down with his present job until mid-February, he is actively interviewing for other employment opportunities.

With dedication and a strong sense of family, Mr. Kelley is raising his two children, ages 2 and 6, with his wife of eight years in Elkhart, Indiana. Having been born and raised himself in Elkhart, Mr. Kelley maintains strong bonds with his parents and in-laws. Upon conclusion of this matter, Mr. Kelly intends to remain focused on family, and keeping them happy and healthy.

## IV. FACTORS PURSUANT TO 18 U.S.C. § 3553(a)

As a general matter, The U.S. Supreme Court struck down strict adherence to the sentencing guidelines in *United States v. Booker*.[8] The *Booker* majority held that district

---

[6] *See* Docket No. 29 (Derek Kelley's Plea Agreement) at 5.
[7] *Id,* at 2 and 12; Docket No. 34.
[8] 543 U.S. 220 (2005).

courts sentencing criminal defendants must consider not only the guideline ranges but also the other directives set forth in § 3553(a). Under *Booker*, courts should treat the guidelines as just one of a number of sentencing factors. Section 3553(a) requires courts to "impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph 2."[9] This is the "parsimony principle"[10] discussed in *Dean v. U.S.*[11] Section 3553(a)(2) recites the purposes of sentencing as:

A. to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense;
B. to afford adequate deterrence to criminal conduct;
C. to protect the public from further crimes of the defendant; and
D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the

[9] 18 U.S.C. § 3553(a) (emphasis applied).
[10] *Pepper v. U.S.* 131 S.Ct. 1229, 1242 (2011) ("sentencing judge's overarching duty under § 3553(a) [is to] to impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a)(2)"); *Kimbrough v. U.S.*, 552 U.S. at 111 (district court "may determine...that in the particular case a within Guidelines sentence is 'greater than necessary" to serve the objectives of sentencing"; here district court's below guideline sentence in drug case not unreasonable because "it appropriately framed its final determination in line with §3553(a)'s overarching instruction to 'impose a sentence sufficient, but not greater than necessary to accomplish the goals" of sentencing"); *U.S. v. Johnson* 635 F.3d 983 (7th Cir. 2011) (The essence of *Kimbrough* is to permit district courts to depart from the advisory ratio when its application would result in a sentence that is "greater than necessary to accomplish the goals of sentencing."); *U.S v.Chavez*, 611 F.3d 1006, 1010 (9th Cir. 2010) (explaining that § 3553(a)'s parsimony clause expresses "an overarching principle [that] necessarily informs a sentencing court's consideration of the entire constellation of section 3553(a) factors" (alteration in original, quotation marks omitted))
[11] *Dean v. U.S.*, 137 S.Ct. 1170, 1175 (2017).

need to provide restitution to any victims of the offense. The directives of *Booker* and 18 U.S.C. § 3553(a) demonstrate that courts err by systematically applying the guidelines.

"[F]ashioning a just sentence cannot be reduced to a mere arithmetical exercise [and] reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of judgment."[12] The possibility of rehabilitation has returned as a forceful mitigating factor because it is a goal of punishment.[13] That goal "cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of mankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment."[14]

A. <u>The seriousness of the offense, to promote respect for the law, and provide just punishment for the offense</u>

Mr. Kelley appreciates the seriousness of the circumstances that brought him to the attention of investigators and to be charged here. When approached by a U.S. Fish and Wildlife Service Special Agent on November 20, 2019, Mr. Kelley participated in a voluntary interview. A sentence of anything but unsupervised probation is unnecessary.[15]

---

[12] *United States. v. Biheiri,* 356 F.Supp. 2d 589 (E.D.Va. 2005).
[13] 18 U.S.C. § 3553(a)(2)(D).
[14] *U.S. v. Carvajal*, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005) (unpub.).
[15] *See Pepper v. U.S.* 131 S.Ct. at 1240, where the Court emphasized the need for individualized sentencing, reiterating "the principle that 'the punishment should fit the offender and not merely the crime.'" (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)).

B. Afford adequate deterrence to criminal conduct

Mr. Kelley has no prior criminal history. As a result of this investigation and prosecution he will not re-enter the trade of aquatic specimens, so will not be in a position to reoffend. The fact of conviction, probation and the monetary commitment – a donation to conservation efforts to protect corals around the Philippines – provides adequate deterrence. Accordingly, he needs no further deterrence as a part of his sentence.

C. To protect the public from further crimes of the defendant

Mr. Kelley has not demonstrated himself to be one who engages in criminal conduct, as proven by his lack of criminal history. Since this case commenced, he has been on pre-trial release and has followed conditions without incident.

D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

Mr. Kelley has a good work history with two years at his current place of employment and 10 years at his prior place of employment. Mr. Kelley reports that he is healthy, with no medical problems and no history of mental health problems. Mr. Kelley intends to continue to work and provide for his family. Imposition of a sentence that would take him from that place and role would negatively impact his employer who relies upon him and the family unit that depends upon him. A sentence of unsupervised probation is appropriate and just, and not greater than necessary in order to carry out the court's sentencing objectives.

E. Sentences applied to other individuals within this investigation

As the Supreme Court has recently emphasized, it is the job of "'the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue.'"[16] But as part of arriving at the appropriate sentence for an individual defendant, this Court is also statutorily obligated to consider the sentences that it has imposed on the codefendants.[17] Accordingly, Mr. Kelley will first discuss the sentences given to three other individuals who were charged as part of this investigation - Allen Ockey, James Knight, and Nathan Meisner - before turning to discussing himself as an individual person.

Mr. Allen Ockey, originally Indicted on 13 counts related to Wildlife Trafficking, pled to wildlife trafficking conspiracy as charged in Count 1 of the Indictment in Case No. 3:22-cr-00030-SLG-MMS.[18] The Plea Agreement suggested either 1.) a sentence of two years of probation that includes a condition that substitutes six months of home detention for imprisonment, with a condition allowing work release, or 2.) a sentence of two years of supervised release that includes a condition that substitutes six months of home detention for imprisonment, with a condition allowing work release.[19] In the Pre-Sentence Report and sentencing memoranda, the Probation officer and parties

---

[16] *Concepcion v. United States*, ___ U.S. ___, 142 S.Ct. 2389, 2399 (2022) (quoting *Koon v. United States*, 518 U.S. 81, 113, 116 S.Ct. 2035, 2053 (1996)).

[17] *See* 28 U.S.C. § 3553(a)(6) (in imposing a sentence, the court shall consider the need to avoid unwarranted sentencing disparities with similarly situated defendants).

[18] *See* Docket No. 19 (Mr. Ockey's Plea Agreement) at 2 in Case No. 3:22-cr-00030-SLG-MMS.

[19] *See* Docket No. 19 (Mr. Ockey's Plea Agreement) at 2 in Case No. 3:22-cr-00030-SLG-MMS.

recommended 2 years of probation and for Mr. Ockey to make a $5,000 donation to the Marine Environment and Resources Foundation, Inc.[20] The Court imposed the sentence suggested by the Government.[21]

Mr. James Knight, charged by Misdemeanor Information, pled to wildlife trafficking conspiracy as charged in Count 1 of the Information in Case No. 3:22-cr-00039-MMS.[22] The Government suggested a sentence of two years of unsupervised probation and a $2,000.00 donation to a non-profit organization in the Philippines.[23] The Court imposed the sentence suggested by the Government.[24]

Mr. Nathan Meisner pled to violation of the Lacey Act as charged in Count 1 of the Information in Case No. 3:22-cr-00003-SLG-KFR.[25] The Government suggested a sentence of two years of probation and a $2,000.00 fine.[26] The Court imposed the sentence suggested by the Government.[27]

Much like Ms. Meisner, Mr. Kelley has also plead to violation of the Lacey Act and the Government suggests a sentence of two years of probation (unsupervised) and a $2,000.00 fine.[28] Based on the sentences imposed on Allen Ockey, James Knight, and Nathan Meisner, and to avoid unwarranted sentencing disparities, the Court should accept

---

[20] *See* Docket Nos. 29 (Mr. Ockey's Sentencing Memo) at 2; Docket No. 30 (USA's Sentencing Memo) in Case No. 3:22-cr-00030-SLG-MMS. The $5,000.00 donation was on top of the $4,000.00 Mr. Ockey had paid G.A.B.
[21] *See* Docket No. 37 (Judgment in a Criminal Case as to Mr. Ockey) in Case No. 3:22-cr-00030-SLG-MMS.
[22] *See* Docket No. 23 (Mr. Knight's Plea Agreement) at 2 in Case No. 3:22-cr-00039-MMS.
[23] *See* Docket No. 23 (Mr. Knight's Plea Agreement) at 2 in Case No. 3:22-cr-00039-MMS.
[24] *See* Docket No. 28 (Judgment in a Criminal Case as to Mr. Knight) in Case No. 3:22-cr-00039-MMS.
[25] *See* Docket No. 3 (Mr. Meisner's Plea Agreement) at 2 in Case No. 3:22-cr-00003-SLG-KFR.
[26] *See* Docket No. 3 (Mr. Meisner's Plea Agreement) at 2 in Case No. 3:22-cr-00003-SLG-KFR.
[27] *See* Docket No. 25 (Judgment in a Criminal Case as to Mr. Meisner) in Case No. 3:22-cr-00003-SLG-KFR.
[28] *See* Docket No. 29 (Mr. Kelley's Plea Agreement) at 2.

the Plea Agreement at Docket No. 29 and sentence Mr. Kelley to 2 years of unsupervised probation and $2,000.00 donation.

## V. CONCLUSION

A sentence of two years of unsupervised probation and a $2,000.00 donation in Mr. Kelley's case will fully comply with the overarching statutory directive that this Court impose a sentence "sufficient, but not greater than necessary" to accomplish the goals of sentencing.[29]

DATED this 9th day of January, 2023.

HOZUBIN, MOBERLY & ASSOCIATES
*Attorneys for Defendant Derek Michael Kelley*

By: /s/Michael A. Moberly
Hozubin, Moberly & Associates
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 - Facsimile
Alaska Bar No. 9612073
Email: mike@akdefenselaw.com

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on the 9th day of January, 2023, a true and correct copy of the foregoing was served ELECTRONICALLY via CM/ECF on the following:

PARTIES OF RECORD

HOZUBIN, MOBERLY & ASSOCIATES

By: /s/ Michael A. Moberly
9100.929/Court Docs/Sentencing Memorandum

[29] *See* 18 U.S.C. § 3553(a).